# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Red Wagon Grove, Inc. and Tomato House, LLC

### DEFENDANTS
JJD Produce, LLC, JB Resources, LLC, Joel Burns, Jorge Alejandro Beltran Ritz, Diego Beltran

**(b)** County of Residence of First Listed Plaintiff: **Bexar**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **San Diego**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Bruce W. Akerly, Akerly Law PLLC, 2785 Rockbrook Drive, Ste. 201, Lewisville, TX 75067

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

PRISONER PETITIONS
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
7 U.S.C. 499e(b)(2)

Brief description of cause:
suit on note

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 94,625

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 04/26/2023

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RED WAGON GROVE, INC. | § | |
| | § | |
| AND | § | |
| | § | |
| TOMATO HOUSE, LLC, | § | |
| | § | CIVIL ACTION NO. _____ |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| JJD PRODUCE, LLC, | § | |
| | § | |
| JB RESOURCES, LLC, | § | |
| | § | |
| JOEL BURNS, | § | |
| | § | |
| JORGE ALEJANDRO BELTRAN RITZ, | § | |
| | § | |
| DIEGO BELTRAN, | § | |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT

Plaintiffs RED WAGON GROVE, INC. ("**RW**") and TOMATO HOUSE, LLC ("**TH**") complains of Defendants JJD PRODUCE, LLC ("**JJD**"), JB RESOURCES, LLC ("**JBR**"), JOEL BURNS ("**Burns**"), JORGE ALEJANDRO BELTRAN RITZ ("**Ritz**"), and DIEGO BELTRAN ("**Beltran**") [1] as follows:

## PARTIES

1. **RW** is a Texas corporation organized and doing business under the laws of the State of Texas. Its principal place of business is in Helotes, Texas.

2. **TH** is a Texas limited liability company organized under the laws of the State of

---

[1] Unless otherwise noted, RW and TH will be referred to collectively as "**Plaintiffs**" and JJD, JBR, Burns, Ritz and Beltran will be referred to collectively as "**Defendants**".

ORIGINAL COMPLAINT – Page 1

Texas. Its principal place of business is in Mission, Texas.

3. **JJD** is a limited liability company organized under the laws of the State of Nevada. Its principal place of business outside of Texas appears to be located at 1420 Diamond Street, San Diego, CA 92109. It conducts business in the State of Texas, namely import of fresh fruits and vegetables from Mexico which are transported on its behalf into ports of entry in or around and operates or leases a warehouse in McAllen, Texas. It is not registered to do business in the State of Texas. Because it has and is currently conducting business within the State of Texas but is not registered to do business in the State of Texas, JJD is deemed to have designated the Secretary of State of the State of Texas to be its registered agent for service of process in civil actions filed in the State of Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.04, *et seq*. Accordingly, **JJD may be served with civil process in this action by serving the Texas Secretary of State as its registered agent who is requested to forward civil process to JJD to its managing member and registered agent Jorge Alejandro Beltran Ritz at 7514 Girard Avenue, Suite 1215, La Jolla, CA 92037, or wherever he/she may be found**.

4. **JBR** is a limited liability company organized under the laws of the State of Nevada. It is a member or managing member of JJD. Its principal place of business outside of Texas appears to be located at 7514 Girard Avenue, Suite 1215, La Jolla, CA 92037. It is an owner of JJD. It conducts business in the State of Texas, on behalf of and for JJD involving the importing of fresh fruits and vegetables from Mexico which are transported on JJD's behalf into ports of entry in or around and operates or leases a warehouse in McAllen, Texas. It is not registered to do business in the State of Texas. Because it has and is currently conducting business on behalf of JJD within the State of Texas but is not registered to do business in the State of Texas, JBR is deemed to have designated the Secretary of State of the State of Texas to be its registered agent

for service of process in civil actions filed in the State of Texas. Tex. Civ. Prac. & Rem. Code Ann. § 17.04, *et seq*. Accordingly, **JBR may be served with civil process in this action by serving the Texas Secretary of State as its registered agent who is requested to forward civil process to JBR to its owner and/or registered agent Joel Burns at 7514 Girard Avenue, Suite 1215, La Jolla, CA 92037, or wherever he/she may be found**.

5. **Ritz** is a citizen and resident of the State of California. He is known to be the owner and sole, principal and managing member of JJD. On information and belief, he owns more than 10% of the outstanding membership interest of JJD. He is, therefore, a responsibly connected person to JJD as defined in the regulations promulgated under the PACA. Alternatively, he is a partner, member or shareholder in JJD and is actively involved in its daily business and financial affairs and decision-making actions. **He may be served with civil process in this action at 7514 Girard Avenue, Suite 1215, La Jolla, CA 92037.**

6. **Burns** is a citizen and resident of the State of California. He is known to be the owner and sole, principal and managing member of JJD and JBR. On information and belief, he owns more than 10% of the outstanding membership interest of JJD and JBR. He is, therefore, a responsibly connected person to JJD and JBR as defined in the regulations promulgated under the PACA. Alternatively, he is a member and owner in JJD and JBR and is actively involved in their daily business and financial affairs and decision-making actions. **He may be served with civil process in this action at 7514 Girard Avenue, Suite 1215, La Jolla, CA 92037.**

7. **Beltran** is a citizen and resident of the State of California. He is known to be the owner and sole, principal and managing member of JJD. On information and belief, he owns more than 10% of the outstanding membership interest of JJD. He is, therefore, a responsibly connected person to JJD as defined in the regulations promulgated under the PACA. Alternatively, he is a

member and owner in JJD and is actively involved in their daily business and financial affairs and decision-making actions.  **He may be served with civil process in this action at 7514 Girard Avenue, Suite 1215, La Jolla, CA 92037.**

## JURISDICTION AND VENUE

8.    The Court has jurisdiction over this civil action arising under § 2 of the Perishable Agricultural Commodities Act of 1930, as amended ("**PACA**"), 7 U.S.C. 499e(b)(2), pursuant to 28 U.S.C. § 1331.  The Court also has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties.  The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. § 1367(a).  The Court has *in rem* jurisdiction over the Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. § 1655.

9.    Venue in this district and division is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## FACTUAL ALLEGATIONS

10.    Plaintiffs are in the business of selling fresh fruits and vegetables ("**Produce**"), as defined in the PACA and regulations promulgated thereunder, 7 U.S.C. § 499a(4), and 7 C.F.R. § 46.2(t), (u) and (v), in interstate commerce in and outside of the State of Texas.

11.    JJD agreed to purchase Produce from Plaintiffs.

12.    Plaintiffs agreed to sell Produce to JJD in wholesale quantities.

13.    The Produce ordered by JJD and delivered by Plaintiffs to JJD is identified in invoices (the "**Invoices**") which are summarized and identified in the in the documents attached hereto and incorporated herein by reference as **Exhibits "1" (RWG) and "2" (TH)**.  These numbers on the invoices do not include interest which may be due on the amounts owed, as

permitted by the parties' agreements and/or applicable law, costs of collection and costs of court. The original of the Invoices were supplied to JJD.

14. The Produce was sold in interstate commerce, as that term is defined in the PACA.

15. The total of all Produce sold to JJD by Plaintiffs, which is the subject of this action, and which have not been paid for at this time, as listed in the Invoices, is **$41,075,00** as for RW and **$53,550.00** as for TH.

16. The Produce was delivered to JDD by Plaintiffs.

17. The JDD accepted the Produce.

18. Plaintiffs delivered conforming Produce to the JJD pursuant to orders placed with Plaintiffs.

19. JJD did not object to the condition of any of the Produce or its non-conformity to the contracts between the parties and failed to reject any load of Produce.

20. Plaintiffs issued to the Invoices to JJD.

21. JJD received the Invoices.

22. Plaintiffs gave no price adjustments on any load of Produce identified in the Invoices.

23. RW holds a license to conduct business under the PACA, No. 20210778 (renewal in process).

24. TH holds a license to conduct business under the PACA, No. 20220498.

25. JJD holds a license to conduct business under the PACA, No. 20220747.

26. Plaintiffs are unpaid dealers, suppliers or sellers of Produce having sold Produce to JJD for which it remains unpaid. 7 U.S.C. § 499a; 7 C.F.R § 46.2(m).

27. At all times relevant hereto, JJD was engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, are subject to licensing under the PACA and is classified as a "dealer" of Produce as defined by the PACA. 7 U.S.C. § 499a(6).

28. JJD failed to pay or otherwise deliver good funds to the Plaintiffs in the amount set forth in the Invoices attached hereto, despite repeated demands from the Plaintiffs or their representatives.

29. At all relevant times hereto, JJD acted by and through its owners Ritz and JBR, as well as others under their control.

30. All conditions precedent to recovery in this action have been satisfied, met or waived.

## COUNT 1- <br> ENFORCEMENT/BREACH OF PACA TRUST <br> (PACA; 7 U.S.C. § 499e(2)(c))

31. Plaintiffs re-alleges paragraphs 8 through 30 as though fully set forth herein.

32. The JJD is currently in business and is in possession, custody and control of all its assets, including: (a) Produce; (b) food or products derived from Produce; (c) accounts receivable; (d) proceeds from the sale of Produce; (e) cash; (f) any other assets commingled with proceeds of Produce; and (g) any other assets acquired or maintained with such proceeds, cash, assets, or other trust assets (the "**PACA Trust Assets**").

33. The PACA Trust Assets are or should be held for the benefit of Plaintiffs and all other similarly situated PACA trust beneficiaries.

34. Each of the Invoices contained the following language preserving Plaintiffs' beneficial interest in and to JJD's PACA trust assets:

> The perishable agricultural commodities listed on this invoice as sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 USC 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other produces derived from these commodities, and any receivables or proceeds from the sale of the commodities until full payment is received.

35. By placing the PACA trust language on the Invoices, as well as holding a license to deal in Produce by the USDA, Plaintiffs and the JJD agreed that Plaintiff would be entitled to recover cost of collection, including reasonable attorneys' fees and expenses incurred as part of an action to collect on the Invoices. The Invoices, as well as applicable law, provide for the recovery of such amounts.

36. JJD failed to object to the Plaintiffs' inclusion of the contract language in the Invoices.

37. The contract language in the Invoices is a material part of the parties' agreement.

38. The contract language represents a material part of the Plaintiffs' standard credit terms.

39. Plaintiffs' inclusion of the contract language above represents a standard industry practice and, as such, is and should be of no surprise to JJD.

40. Plaintiffs' inclusion of the contract language quoted above represents bargained terms and are sums owing in connection with the sales transaction.

41. Plaintiffs are unpaid suppliers or sellers of Produce.

42. JJD failed to pay or otherwise deliver good funds to Plaintiffs in the amounts set forth in the Invoices for Produce sold and delivered, despite repeated demands to do so from the Plaintiffs.

43. At all relevant times hereto, the JJD acted by and through its owners, principals and authorized agents, namely Ritz and JBR, acting on its behalf.

44. The JJD failed to deliver to Plaintiffs sufficient funds from the PACA Trust Assets for the shipments of Produce listed in the Invoices.

45. The JJD failed to preserve enough of the PACA Trust Assets to fully satisfy all of Plaintiffs' unpaid and qualified PACA trust claims asserted in this action.

46. The matters and actions alleged denote and constitute violations by JJD of Section 2 of the PACA.

47. As a direct result of the JJD's failure to properly protect the PACA Trust Assets from dissipation, the Plaintiffs have suffered damages which are covered under the PACA trust in the current aggregate amount of the Invoices, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

## COUNT 2-
## VIOLATION OF THE PACA UNFAIR TRADE PRACTICE – FAILURE TO MAKE FULL PAYMENT PROMPTLY
(PACA; 7 U.S.C. § 499b(4))

48. Plaintiff re-alleges paragraphs 8 through 47 as though fully set forth herein.

49. Plaintiff delivered conforming Produce to JJD and has otherwise satisfied all conditions of their contracts with JJD.

50. JJD received each of the shipments of Produce referenced in the Invoices.

51. Plaintiffs are properly perfected beneficiaries of the PACA trust impressed in their favor under the PACA.

52. JJD failed to pay or otherwise deliver good funds to Plaintiff for each of the Invoices in the amounts set forth therein within the applicable payment terms that were in effect between the parties at the time of each transaction.

53. JJD's failure to make full payment promptly for all sums due to Plaintiffs with respect to Produce related items, as identified in the Invoices, constitutes a violation of prompt pay

provisions of the PACA, 7 U.S.C. § 499b(4).

54. As a direct and proximate result of JJD's violation of PACA, Plaintiff incurred damages in the current aggregate amount of the items listed in the Invoices, plus further interest, collection costs, and cost of court.

## COUNT 3-
## (JJD)
## BREACH OF CONTRACT

55. Plaintiff re-alleges paragraphs 8 through 54 as though fully set forth herein.

56. Plaintiffs and JJD entered into the various contracts identified and represented by the Invoices.

57. In each contract represented by the Invoices, Plaintiffs agreed to sell Produce to JJD and JJD agreed, *inter alia*, to purchase Produce from Plaintiffs.

58. Plaintiffs delivered conforming Produce to JJD and have otherwise satisfied all conditions of said contracts. The Produce included Produce.

59. JJD failed to pay or otherwise deliver good funds to Plaintiffs for each of the Invoices in the amounts set forth therein within the applicable payment terms that were in effect between the parties at the time of each transaction.

60. The total of all Produce sold to JJD by Plaintiff, which is the subject of this action and listed in the Invoices is due and owing, not including interest and other charges due thereon.

61. Plaintiffs have been pecuniarily damaged as a direct and proximate result of the JJD's breach of contracts evidenced by the Invoices, together with interest and contractually due costs of collection, including attorneys' fees, incurred in this action and costs of court.

## COUNT 4 - 
## BREACH OF FIDUCIARY DUTIES
## (Burns, Ritz, Beltran and JBR)

62. Plaintiff re-alleges paragraphs 8 through 61 as though fully set forth herein.

63. On information and belief, JJD was either insolvent or otherwise always experiencing financial distress relevant hereto and/or not paying its debts, including those owing to Plaintiffs, as and when the debts came due. Further, as noted herein, JJD failed to maintain the PACA trust required with respect to Plaintiffs and have damaged their rights and pecuniary interests.

64. On or before the date of the invoices at issue, particularly those listed in the Invoices, Burns, Ritz, Beltran and JBR knew or should have known that JJD was insolvent or otherwise experiencing financial distress and not maintaining the PACA trust impressed in favor of Plaintiffs.

65. Burns, Ritz, Beltran and JBR, as principals and owners of JJD, owed a fiduciary duty to JJD's creditors to ensure JJD's assets were used to pay JJD's obligations, including those owing under the PACA trust provision at issue in this action.

66. Burns, Ritz, Beltran and JBR owed a fiduciary duty to JJD's creditors to preserve and maximize the value and availability of JJD's assets for them from the point of the JJD's insolvency to the current date in amounts sufficient to satisfy JJD's PACA trust obligations.

67. On information and belief, JJD was or became insolvent on or before the due date of the invoices at issue involving Produce and was always insolvent relevant hereto.

68. JJD continues in operation of its business. On information and belief, prior to JJD's insolvency, Burns, Ritz, Beltran and JBR, jointly and/or severally, caused JJD to transfer JJD assets, or otherwise allowed the transfer of JJD assets, out of JJD for the purpose of paying other

creditors of JJD ahead of Plaintiff.

69.  On information and belief, prior to JJD's insolvency, Burns, Ritz, Beltran and JBR transferred JJD assets, or otherwise utilized JJD assets to pay certain obligations of JJD's non-PACA trust creditors and/or to pay their personal debts and obligations.

70.  Burns, Ritz, Beltran and JBR breached their fiduciary duties to the Plaintiffs and other similarly situated creditors of JJD by transferring JJD assets, or otherwise allowing the transfer of JJD assets, in such a manner as to remove said assets from the reach of JJD's creditors.

71.  Burns, Ritz, Beltran and JBR breached his fiduciary duties to the Plaintiff, and other similarly situated creditors, by operating the insolvent JJD for the benefit of Burns, Ritz, Beltran and JBR and not for the benefit of JJD's creditors.

72.  Burns, Ritz, Beltran and JBR possessed a duty of loyalty to Plaintiffs, and other similarly situated creditors of the JJD, to act in good faith and not out of self-interest.

73.  On information and belief, Burns, Ritz, Beltran and JBR breached their duty of loyalty to the Plaintiff, and other similarly situated creditors of JJD, by receiving and accepting benefits and other payments from JJD during JJD's insolvency and while Plaintiffs remain unpaid.

74.  Burns, Ritz, Beltran and JBR's repeated breach of their fiduciary duties to the Plaintiffs, and other similarly situated creditors, is a direct result of Burns, Ritz, Beltran and JBR's election to serve their own personal interests ahead of all others.

75.  As a direct result of Burns, Ritz, Beltran and JBR's breach of their fiduciary duties, the Plaintiffs incurred pecuniary damages in an amount not less than the amount of their respective PACA trust claims asserted in this action, plus further interest, as set forth in the Invoices.

76.  Burns, Ritz, Beltran and JBR are personally liable to the Plaintiff, jointly and severally with each other and JJD and any third parties having received any of JJD PACA trust

related assets with actual or constructive notice of the breach of Burns, Ritz, Beltran and JBR's fiduciary duties, for the dissipation of JJD's assets in the current aggregate amount of the Produce items listed in the Invoices, plus further interest and related charges allowed by the parties' agreements and/or applicable law.

## COUNT 5 –
## BREACH OF FIDUCIARY DUTIES
### (Burns, Ritz, Beltran and JBR)

77. Plaintiff re-alleges paragraphs 8 through 76 as though fully set forth herein.

78. Defendants' failure to make payment to Plaintiff of trust funds in the amount set forth herein from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

79. Pursuant to the PACA and prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

**WHEREFORE**, based on the foregoing, Plaintiffs respectfully seeks the following:

A) Entry of a Final Judgment in favor of Plaintiffs against Defendants, jointly and severally, for violations of the PACA and the PACA trust provision, in the current amount of the Invoices;

B) Entry of a Final Judgment in favor of Plaintiffs and against JJD for breach of contract as to the total amount of all Produce sold in the current amount of the Invoices;

C) An award of pre-judgment interest on the amounts found owing by Defendants to Plaintiffs, at the highest rate permitted under the parties' agreements or permitted by applicable law;

D) An award of reasonable attorneys' fees and expenses as permitted by the parties' agreements and/or applicable law;

E) An award of post-judgment interest as permitted by applicable law; and

F) For such other and further relief as the Court deems appropriate under the circumstances.

Dated: April 26, 2023.                                Respectfully submitted,

                                          AKERLY LAW PLLC

By:   */s/ Bruce W. Akerly*
      Bruce W. Akerly
      Texas Bar No. 00953200

2785 Rockbrook Drive, Suite 201
Lewisville, Texas 75067
(469) 444-1878 Main
(469) 444-1864 Direct
(469) 444-1829 Facsimile
bakerly@akerlylaw.com

ATTORNEYS FOR PLAINTIFFS