IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RED WAGON GROVE, INC. | § | |
| AND | § | |
| TOMATO HOUSE, LLC, | § | |
| | § | CIVIL ACTION NO. 7:23-cv-00145 |
| Plaintiffs, | § | |
| VS. | § | |
| JJD PRODUCE, LLC, | § | |
| JB RESOURCES, LLC, | § | |
| JOEL BURNS, | § | |
| JORGE ALEJANDRO BELTRAN RITZ, | § | |
| And | § | |
| DIEGO BELTRAN, | § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS JJD PRODUCE, LLC AND JB RESOURCES, LLC
[RELATED TO DKT. NO. 1]**

Plaintiffs RED WAGON GROVE, INC. ("**RW**") and TOMATO HOUSE, LLC ("**TH**") ("**Plaintiffs**"), request that the Court enter default judgment against Defendants JJD PRODUCE, LLC ("**JJD**") and JB RESOURCES, LLC ("**JB**") (collectively, "**Defendants**"), as follows:

1. This civil action (the "**Action**") was filed on April 26, 2023 (D.E. #1).

2. Summons for each of the Defendants were issued on April 27, 2023. (D.E. ##10-11).

3. The Summons for JJD, together with a copy of *Plaintiffs' Original Complaint* (the "**Complaint**"), was served on Defendant on May 5, 2023, through its Registered Agent, Secretary of State of Texas, to be forwarded to Managing Member and Registered Agent, Jorge Alejandro Beltran Ritz, as evidenced by the Affidavit of Service filed in the Action on May 22, 2023 (D.E. #20).

4. The Summons for JB, together with a copy of *Plaintiffs' Original Complaint* (the "**Complaint**"), was served on Defendant on May 5, 2023, through its Registered Agent, Secretary of State of Texas, to be forwarded to Owner and/or Registered Agent, Joel Burns, as evidenced by the Affidavit of Service filed in the Action on May 22, 2023 (D.E. #21).

5. The Summonses provide that answers to the Complaint were due to be filed by Defendants within 21 days of being served. Accordingly, Defendants' answers to the Complaint were due to be filed on or before May 29, 2023.

6. As of the filing of this Motion, none of the Defendants have filed an answer or otherwise responded to the Complaint.

7. On July 20, 2023, Plaintiffs filed their Request for Clerk's Entry of Default as to Defendants (*see* D.E. #23).

8. Plaintiffs' counsel, by his signature below, verifies that:

    a. Despite being properly served with a Summons and the Complaint in this matter, Defendants have failed to file answers or other responses to the Complaint in the Action, and have failed to present any defenses to Plaintiffs' allegations as set forth in the Complaint. The time allowed to file an answer to the Complaint, as to Defendants JJD and JB, have expired.

    b. Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiffs apply to this Court for entry of a default judgment against Defendants for the affirmative relief sought in the

Complaint against Defendants on the basis that they have failed to plead or otherwise defend as provided by law, Fed.R.Civ.P. 55(b)(2).

9. The Complaint sets for the facts which are, by virtue of Defendants' default, deemed to be admitted. *See* Nishimatsu Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (holding that default judgments are in effect admissions of fact made in the plaintiff's pleadings).

10. Rule 55 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 55, provides certain conditions under which a default judgment may be entered against a party. In the Fifth Circuit, there is a three-step process for obtaining a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996):

    a. A default is present when a defendant fails to plead or otherwise respond to a complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 12;

    b. An entry of default has been obtained by the clerk of the court based on an affidavit or otherwise, Fed. R. Civ. P. 55(a); and

    c. The Plaintiffs apply to the court (or clerk if appropriate) for entry of a default judgment after entry of default by the clerk. *New York Life Ins.*, 84 F.3d at 141. Plaintiffs have complied with this process.

11. In addition to rights clearly established in federal law under the PACA, suits to collection on accounts are firmly and deeply rooted in Texas common law. In Texas, a suit on account is a common law claim bearing the following three elements:

    a. a sale and delivery of merchandise;

    b. the amount charged for the merchandise was just; and,

   c.  the amount is unpaid.

<u>Pat Womack, Inc. v. Weslaco Aviation, Inc.,</u> 688 S.W.2d 639, 641 (Tex. App.-Corpus Christi 1985, no writ) (describing the foregoing as the "essential elements of a common law action on account."). In addition, Plaintiffs are entitled to enforcement of its contract rights with respect to interest and collection costs.

   12.  Here, all elements relating to entitled to collect against Defendants, jointly and severally, have been established by admission as a result of the default of Defendants. There are no defenses pled because no answers have been filed. A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations, assumed to be true as a result of the failure of the defendant to file an answer. *Nishimatsu Constr. Co.,* 515 F.2d at 1206. The allegations in the Complaint are well pled. Defendants were properly served. No answers have been timely filed. Therefore, the allegations in the Complaint are deemed to be admitted. *Id*.

   13.  Accordingly, based on the foregoing and supported by the Affidavit of Bruce W. Akerly, Plaintiffs request that the Court finds the foregoing facts to be determined and enter a default judgment in favor of Plaintiffs against Defendants, jointly and severally, the following amounts:

   a.  The principal amounts of $41,075.00 as for RW and $53,550.00 as for TH (the "**Amount Due**");

   b.  RW shall have and recover of and from Defendants, jointly and severally, the sum of $41,075.00, together with pre-judgment in interest on this amount at the rate of 6% per annum from April 26, 2023, until the date this Judgment has been entered in this action, and reasonable attorneys' fees and expenses in the amount of $8,724.70. Plaintiffs shall have and

recover of and from Defendants post-judgment interest on the total of the foregoing amounts at the highest rate allowed by applicable law.

    c.  TH shall have and recover of and from Defendants the sum of $53,550.00, together with pre-judgment in interest on this amount at the rate of 6% per annum from April 26, 2023, until the date this Judgment has been entered in this action, and reasonable attorneys' fees and expenses in the amount of $8,724.70.  Plaintiffs shall have and recover of and from Defendants post-judgment interest on the total of the foregoing amounts at the highest rate allowed by applicable law.

    d.  A total amount of reasonable attorneys' fees and expenses of **$8,724.70** is due and owing to Plaintiff; and

    e.  Post-judgment interest on the totals of the amounts owing to the Plaintiffs, as set forth above, at the highest rate permitted by applicable law; and

    f.  Plaintiffs request such other relief to which they may be entitled under the circumstances.

  Plaintiffs such other and further relief, in law and in equity, the Court deems is just and proper.

Dated: July 24, 2023.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　AKERLY LAW PLLC

　　　　　　　　　　　　　　　　　　　　By: /s/ *Bruce W. Akerly*
　　　　　　　　　　　　　　　　　　　　　　Bruce W. Akerly
　　　　　　　　　　　　　　　　　　　　　　State Bar No. 00953200

　　　　　　　　　　　　　　　　　　　　2785 Rockbrook Drive, Suite 201
　　　　　　　　　　　　　　　　　　　　Lewisville, Texas 75067
　　　　　　　　　　　　　　　　　　　　Telephone: 469-444-1878
　　　　　　　　　　　　　　　　　　　　Fax:  469-444-1801
　　　　　　　　　　　　　　　　　　　　Email: bakerly@akerlylaw.com

　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFFS